Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000511
21-JUN-2019
07:49 AM

NO. CAAP-17-0000511

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STANLEY MINGWAY SHEN, Plaintiff-Appellee, v.
RAYMOND CHIU, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC17-1-00902)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Chan, JJ.)

This case arises from an alleged breach of a Purchase Contract for residential real property on 9th Avenue in Honolulu, Hawai'i.  The Purchase Contract required an initial earnest money deposit of $1,000 followed by an additional deposit of $5,000, both of which Defendant-Appellant Raymond Chiu paid timely and in full.  The "Scheduled Closing Date" was set for September 17, 2015, sixty days after the July 19, 2015 acceptance of the Purchase Contract by Shen.  Although Chiu secured a conditional loan commitment letter pursuant to paragraph H-3 of the Purchase Contract, Chiu was ultimately unable or unwilling to obtain the financing to complete the purchase.  After eight extensions of the closing date, Plaintiff-Appellee Stanley Shen elected to cancel the Purchase Contract.  The Cancellation Agreement stated that the remaining balance of $5,795.81 from the proceeds held in escrow would be paid to Shen.  Chiu refused to pay the balance and Shen filed the underlying action for breach of contract.

Chiu appeals *pro se* from the June 1, 2017 Judgment entered in the District Court of the First Circuit ("District Court")[1]/ in favor of Shen.  Chiu's opening brief fails to comply

---

[1]/     The Honorable Michael K. Tanigawa presided.

with Hawaiʻi Rules of Appellate Procedure Rule 28(b) insofar as it lacks points of error, references to the record, and discernible arguments. However, we have "consistently adhered to the policy of affording litigants the opportunity to have their case heard on the merits, where possible." *Marvin v. Pflueger*, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (quoting *Morgan v. Planning Dep't*, 104 Hawaiʻi 173, 180-81, 86 p.3d 982, 989-90 (2004)). Therefore, we proceed to address Chiu's arguments on appeal to the extent that we are able.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chiu's argument as follows and affirm.

Chiu states that, following "arbitration and court mediation" during which he "was under pressure from the judge," the parties reached a settlement of the matter on April 10, 2017, under which Chiu would pay Shen $5,500. Chiu notes that he regretted the settlement "soon when I got back home," but that he thereafter "missed the timeline to correct that." Chiu seems to refer to his failure to appear in court for the scheduled status conference after the settlement was reached.[2] Because he was not present, the District Court found Chiu to have defaulted and entered the Judgment in favor of Shen in the amount of $7,716.[3] Chiu did not thereafter file a motion to set aside the default. It appears that Chiu is not seeking to enforce the settlement agreement (which he continues to disparage on appeal), but presumably wishes to have the default judgment set aside.

Application of District Court Rules of Civil Procedure Rule 55, which governs entry of default judgment in district court proceedings is reviewed for an abuse of discretion.

---

[2] District Court minutes indicate that on April 10, 2017, the parties were ordered to mediation, but no settlement was reached. Further discussion was had with the court, and a settlement, involving payment of $5,500 from Chiu to Shen, was agreed to. The court then set the case for a status conference on April 24, 2017. Chiu failed to appear at the April 24, 2017 status conference, and the District Court ordered that default be entered.

[3] The Judgment amount includes the principal amount of $6000, plus attorney's, filing, and service fees, and mileage.

*Integrated Health Res., LLC v. Walker*, No. CAAP-13-0000060, 2016 WL 2940853, at *2 (Haw. Ct. App. May 16, 2016) (citing *Gonsalves v. Nissan Motor Corp. in Hawai'i*, 100 Hawai'i 149, 158, 159, 58 P.3d 1196, 1205, 1206 (2002)). "The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. *Beneficial Hawai'i, Inc. v. Casey*, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002) (quoting *Molinar v. Schweizer*, 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001)). Nothing in the record indicates that the District Court abused its discretion in recognizing Chiu's default or in entering the resulting judgment.

We do not have transcripts of the pretrial conference wherein the settlement was reached or of the status conference in which the default judgment was entered. *Union Bldg. Materials Corp. v. Kakaako Corp.*, 5 Haw. App. 146, 161, 682 P.2d 82, 87 (1984) (appellant has the burden of showing error by reference to the record and providing an adequate transcript). Without transcripts, we can not determine the nature of the alleged pressure applied by the District Court, or whether it was inappropriate or amounted to error. Neither does Chiu indicate how the District Court pressured him or explain what other error the District Court might have committed so as to warrant vacating the Judgment.

Accordingly, we affirm the June 1, 2017 Judgment that was entered in the District Court of the First Circuit.

DATED: Honolulu, Hawai'i, June 21, 2019.

On the briefs:

Raymond Chiu,
Pro Se Defendant-Appellant.

Stanley Mingway Shen,
Pro Se Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3